IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEFFREY LICHTENSTEIN, THE MEMPHIS AND WEST TENNESSEE AFL-CIO CENTRAL LABOR COUNCIL, THE TENNESSEE STATE CONFERENCE OF THE NAACP, THE EQUITY ALLIANCE, MEMPHIS A. PHILLIP RANDOLPH INSTITUTE, FREE HEARTS ) ) ) ) ) ) ) | CIVIL ACTION No. 3:20-cv-00736 JUDGE TRAUGER |
| Plaintiffs, ) ) | |
| v. ) ) | |
| TRE HARGETT, in his official capacity as Secretary Of State of the State of Tennessee, MARK GOINS, in his official capacity as Coordinator of Elections for the State of Tennessee, and AMY WEIRICH, in her official capacity as the District Attorney General for Shelby County, Tennessee, ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THE MOTION FOR REASSIGNMENT

Defendants Tre Hargett, in his official capacity as the Secretary of State of the State of Tennessee; Mark Goins, in his official capacity as Coordinator of Elections for the State of Tennessee, and Amy Weirich, in her official capacity as the District Attorney General for Shelby County, Tennessee, submit this memorandum of law in support of the motion to reassign this matter to Judge Richardson, who has been assigned the related case of *Memphis A. Phillip Randolph Institute, et al. v. Hargett, et al.,* No. 3:20-cv-00374-EJR.

Pursuant to Administrative Order 176, a new case that is related to a pending case may be reassigned to the District Judge currently assigned to the pending case. The order gives the following non-exclusive criteria for determining whether a case is a "related case":

1. The cases arise out of the same transaction, occurrence or series of transactions or occurrences;

2. The cases involve common questions of law or fact;

3. The cases involve one or more of the same parties or the same property;

4. The relief sought in the cases could result in a party being subject to conflicting orders or judgments;

5. Substantial duplication of effort an expense by the Court and the parties could occur if different District Judges presided over the cases;

6. Substantial savings of judicial time and resources could result if the cases were handled by the same District Judge; or

7. It is in the interest of justice, based on the totality of the circumstances, for the same District Judge to preside over each of the cases.

Administrative Order 176 (I)(c).

All of these criteria are met here.[1] In the instant matter, Plaintiffs have raised a constitutional challenge to Tenn. Code Ann. § 2-6-202(c)(3), which penalizes the giving of an application for an absentee ballot if the person giving the application is not an employee of an election commission. The same plaintiffs (apart from the individual plaintiffs) have sued the same defendants in *Memphis A. Phillip Randolph Institute, et al. v. Hargett, et al.,* No. 3:20-cv-00374-EJR, currently assigned to Judge Richardson. *See* Administrative Order 176(I)(c)(3). In that matter, plaintiffs have challenged other parts of Tennessee's absentee voting process, including the provision criminalizing giving an unsolicited request for an application for an absentee ballot, the first-time voter requirements, the signature verification requirements, and the qualifications to vote absentee. *See id* at (I)(c)(1). Plaintiffs' claims in both cases center around the alleged deprivation of their rights of free speech and association under the First and Fourteenth Amendments to the United States Constitution—the only difference being the challenged statutes: one penalizes the provision of an unsolicited request for an application, the other penalizes the provision of an application. *Compare* No. 3:20-cv-00374

---

[1] Plaintiffs' docket sheet for the instant complaint acknowledges that these cases are related. (DE 1-1).

(DE 39, PageID# 151-153) *with* No. 3:20-cv-00736 (DE 1, PageID# 11-12); *see* Administrative Order 176 (I)(c)(2).

Judge Richardson has already delved into the absentee voting process and has familiarized himself with the statute in question here, Tenn. Code Ann. § 2-6-202(c)(3), and its interplay with Tenn. Code Ann. § 2-6-202(c)(4). *See* 3:20-cv-00374 (DE 66; DE 73). Given that each of the statutory subparts affects the absentee voting process as a whole, reassignment of this matter would result in substantial savings of judicial time and resources and would avoid duplication of effort and expense. *See* Administrative Order 176 (I)(c)(5) & (6). Further, given the interplay of the various statutory parts, there is a risk that any relief ordered in either case may upset the absentee voting process in a manner that affects the resolution and consideration of the other case. *See id* at (I)(c)(4).

Each of the criteria set forth by Administrative Order 176 are present here. To save judicial resources and avoid needless duplication, Defendants respectfully request that the instant matter be reassigned to Judge Richardson. His familiarity with both the statute in question and the absentee voting process as a whole should also serve Plaintiffs' interests in expediting their sought-after preliminary injunction. *See* Administrative Order 176 (I)(c)(7).

Respectfully submitted,

HERBERT H. SLATERY III
Attorney General and Reporter

/s/ Alexander S. Rieger
ALEXANDER S. RIEGER (BPR 029362)
Assistant Attorney General
Alex.rieger@ag.tn.gov


JANET M. KLEINFELTER (BPR #13889)
Deputy Attorney General
Janet.kleinfelter@ag.tn.gov

ANDREW B. CAMPBELL (BPR #14258)
Senior Assistant Attorney General
Andrew.campbell@ag.tn.gov

MATTHEW D. CLOUTIER (BPR 036710)
Assistant Attorney General

Matt.cloutier@ag.tn.gov

Office of the Tennessee Attorney General
Public Interest Division
P.O. Box 20207
Nashville, TN 37202
(615) 741-7403

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing documents have been forwarded electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to the parties named below. Parties may access this filing through the Court's electronic filing system.

| | |
|---|---|
| William L. Harbison | Danielle Lang |
| Lisa K. Helton | Ravi Doshi |
| Christopher C. Sabis | Molly Danahy |
| Christina R.B. López | Jonathan Diaz |
| Sherrard, Roe, Voigt & Harbison, PLC | Campaign Legal Center |
| 150 3rd Avenue South, Suite 1100 | 1101 14th Street NW, Suite 400 |
| Nashville, TN 37201 | Washington, DC 20005 |

Ezra Rosenberg
Pooja Chaudhuri
Jacob Conarck
Lawyers' Committee for Civil Rights Under Law
1500 K Street NW, Suite 900
Washington, DC 20005

Date: September 2, 2020                /s/ Alexander S. Rieger
                                       ALEXANDER S. RIEGER
                                       Assistant Attorney General